UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Case No. 8:18-bk-08709-RCT
 Chapter 7
Sophia D. Amorginos

     Debtor.
_____/

**TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE ESTATE
WITH CONSENT OF SECURED LENDERS**
(Property: 31 North Park Avenue, Tarpon Springs, FL 34689)

> **NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602-3899 and serve a copy on Carolyn R. Chaney, Chapter 7 Trustee, Post Office Box 530248, St. Petersburg, FL 33747, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

COMES NOW, Carolyn R. Chaney, Chapter 7 Trustee (the "Trustee") for the above-referenced debtor (the "Debtor"), and hereby files this motion ("Motion") for authority to sell certain real property of the estate and pay liens and encumbrances of record from the proceeds of sale. In support thereof, the Trustee respectfully states as follows:

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On October 11, 2018, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Carolyn R. Chaney is the duly appointed and qualified Chapter 7 Trustee. The Trustee held and concluded the 341 meeting of creditors on November 15, 2018.

6. The Debtor scheduled a 100% ownership interest in the real property located at 31 North Park Avenue, Tarpon Springs, FL 34689 (the "Property") and legally described as follows:

> LOT 12, BLOCK D, INNESS PARK, ACCORDING TO THE
> PLAT THEREOF, RCORDED IN PLAT BOOK 13, PAGES 1 AND 2,
> OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.

7. The Property is encumbered by a first mortgage lien scheduled at $172,500.00 in favor of Nationstar Mortgage LLC d/b/a Champion Mortgage Company, its successors and assigns (the "Secured Creditor").

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™, sales analysis report and opinion of value for the Property provided by BK

2

Global Real Estate Services ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b. buy the Property from the Debtors' estate if (and only if) no such offer is made;

c. release the Mortgage(s) and otherwise waive all claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first and second mortgage liens on the Property by virtue of a promissory note and mortgage recorded in the Official Records, consisting of principal and interest (the "Secured Creditor Indebtedness").

## RELIEF REQUESTED

10. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material

inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this sale to be paid and provide a recovery for the unsecured creditors.

11. The Trustee has received an offer to purchase the Property for $150,500.00 from Richard Stecher. Any and all lienholders are hereby on notice that if they believe they are receiving less than reasonable value for the release of their liens, an objection to this Motion must be filed with the Court.

12. The Trustee has attached a Settlement Statement that outlines the proposed distribution of the sales proceeds at closing, as Exhibit "A".

## AUTHORITY TO SELL

13. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and a hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to §363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

14. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $7,525.00. With the consent of the secured lien

holder to sell the property, the Trustee should be authorized to sell the Property and pay liens and encumbrances from the sales proceeds.

15. No allegation contained in this Motion or attachments thereto is intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees for benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

16. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or her professionals. Notwithstanding that the Trustee does seeks authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) Trustee's Deed, and (b) Order Granting Motion to Sell Real Property.

17. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statute Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

18. This sale will be undertaken by the buyer in good faith. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

19. The Trustee asserts that the sale of the Property has utilized a competitive and transparent marketplace that facilitated an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

## CONCLUSION

The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditor. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $150,500.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests,

including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, to make such disbursements on or after the closing of the sale as are required by the purchase agreement or Order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs.

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code,

G. Waive the 14-day stay pursuant to Rule 6004(h), and

H. Granting the Trustee such other and further relief as is just and proper.

DATED: October 9, 2019.                    Respectfully submitted,

/s/ Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL 33747-0248
Telephone: 727-864-9851
Email: carolyn.chaney@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been served by U.S. Mail or electronic delivery on October 9, 2019, to:

Office of United States Trustee, USTP.Region21.ECF@USDOJ.GOV

Debtor: Sophia D. Amorginos, 31 N. Park Avenue, Tarpon Springs, FL 34689

Attorney for Debtor: Steve Bartlett, Esquire, 2150 Seven Springs Blvd., Trinity, FL 34655; Email: bklosb@gmail.com

Seth Greenhill, Esquire, Attorney for Secured Creditor Nationstar Mortgage LLC d/b/a Champion Mortgage Company, 6267 Old Water Oak Road, Suite 203, Tallahassee, FL 32312; Email: SGreenhill@padgettlaw.net

Champion Mortgage LLC, 8950 Cypress Waters Blvd., Dallas, TX 75019

Attached Creditor Matrix.

/s/ Carolyn R. Chaney, Trustee

```
Label Matrix for local noticing       Sophia D Amorginos                    BK Global Real Estate Services
113A-8                                 31 N. Park Ave.                      Attn: Patrick Butler
Case 8:18-bk-08709-RCT                 Tarpon Springs, FL 34689-2507        1095 Broken Sound Parkway, NW
Middle District of Florida                                                  Suite 100
Tampa                                                                       Boca Raton, FL 33487-3503
Wed Oct  9 13:55:15 EDT 2019

Future Home Realty                     Nationstar Mortgage LLC D/B/A Champion Mortg   Bank Of America
13029 W. Linebaugh Ave,                Padgett Law Group                    POB 9i82238
Ste 101                                6267 Old Water Oak Road              Dallas, TX
Tampa, FL 33626-4478                   Suite 203
                                       Tallahassee, FL 32312-3858

(p)BANK OF AMERICA                     (p)CHAMPION MORTGAGE COMPANY         Chase Card
PO BOX 982238                          PO BOX 619093                        POB 15298
EL PASO TX 79998-2238                  DALLAS TX 75261-9093                 Wilmington, DE 19850-5298


Discover Financial Services            Home Depot Credit Services           Macys
POB 15356                              POB 9001010                          POB 8218
Wilmington, DE 19850-5356              Louisville, KY 40290-1010            Mason, OH 45040-8218


PYOD, LLC                              SYNCB/Stein Mart                     Synchrony Bank - Care Credit
Resurgent Capital Services             POB 965005                           POB 965036
PO Box 19008                           Orlando, FL 32896-5005               Orlando, FL 32896-5036
Greenville, SC 29602-9008


THD/CBNA                               Verizon                              WF DILLARDS
POB 6497                               by American InfoSource as agent      POB 14517
Sioux Falls, SD 57117-6497             PO Box 248838                        Des Moines, IA 50306-3517
                                       Oklahoma City, OK  73124-8838


Carolyn R. Chaney +                    Steve Bartlett +                     United States Trustee - TPA7/13 +
PO Box 530248                          Law Office of Steve Bartlett, P.A.   Timberlake Annex, Suite 1200
St. Petersburg, FL 33747-0248          2150 Seven Springs Blvd.             501 E Polk Street
                                       Trinity, FL 34655-3910               Tampa, FL 33602-3949


Seth J Greenhill +
Timothy D. Padgett, P.A.
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312-3858
```

                The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bank Of America Visa                   Champion Mortgage                    End of Label Matrix
POB 982238                             8950 Cypress Waters Blvd.            Mailable recipients    21
El Paso, TX 79998-2234                 Dallas, TX 75019                     Bypassed recipients     0
                                                                            Total                  21
```