ORDERED.

Dated: **November 08, 2019**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 8:18-bk-08709-RCT |
| | Chapter 7 |
| Sophia D. Amorginos | |
|     Debtor. | |
| _____/ | |

**ORDER GRANTING TRUSTEE'S MOTION FOR**
**AUTHORITY TO SELL REAL PROPERTY**
(Property: 31 North Park Avenue, Tarpon Springs, FL  34689)

THIS CASE came on for consideration, without hearing, on the Chapter 7 Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lenders ("Motion"), pursuant to the provisions of 11 U.S.C. §363(b), (f) and (m), Doc. No. 31.  The Court has reviewed the Motion and the record and having found no response in opposition to the Motion, finds it is appropriate to enter an Order.

The Motion was served upon interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service.  No party filed a response within the time permitted; therefore, the Court considers the matter to be unopposed.  Accordingly, it is

1

**ORDERED:**

1. The Motion to Sell Real Property is GRANTED.

2. The Trustee is authorized to sell the estate's interest in the real property located at:

    LOT 12, BLOCK D, INNESS PARK, ACCORDING TO THE
    PLAT THEREOF, RCORDED IN PLAT BOOK 13, PAGES 1 AND 2,
    OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.

    to the Buyer, Richard Stecher for the purchase price of $150,500.00, and in accordance with the terms and conditions set forth in the ALTA Settlement Statement, made a part of the Motion.

3. The Trustee is authorized to pay costs and expenses of sale as set forth in the Settlement Statement.

4. Pursuant to Section 363(b) of the Bankruptcy Code, effective upon closing, the sale of the real property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the real property, free and clear of all liens, claims or interests.

5. The Buyer has not assumed any liabilities of the Debtor.

6. The Trustee is authorized to execute all documents and instruments reasonable and necessary to close the sale.

7. The Trustee's sale of the Property is explicitly conditioned on obtaining Secured Creditor's written consent to the "Short Sale" at or prior to closing.

8. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing; and (b) other anticipated closing costs of Prorations/Adjustments, Title Charges and Escrow/ Settlement Charges, Government Recording and Transfer Charges, Lender Payoff, Real Estate

Brokers Commission of 6%, a carve-out to the Bankruptcy Estate and any other miscellaneous costs of closing.

9. The Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

10. The Trustee shall close the sale and distribute the funds due to the secured creditor within ninety (90) days from the date of the entry of this Order.

11. The 14-day stay period provided by Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Trustee Carolyn Chaney is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.